UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **AARON PAUL DANIELL,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | Civil Action Number |
| **v.** ) | **1:21-CV-00301-AKK** |
| ) | |
| **KILOLO KIJAKAZI, Acting** ) | |
| **Commissioner of Social Security,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM OPINION

Aaron Daniell seeks review of the decision of the Acting Commissioner of the Social Security Administration denying benefits. Doc. 1. Daniell maintains that the Administrative Law Judge failed to account for evidence contradicting her conclusions and that the ALJ was "improper and unconstitutionally[] appointed," requiring remand "for a new hearing with a different and constitutionally[] appointed ALJ." Doc. 14 at 3. Based on the relevant law, the court agrees with Daniell on the Appointments Clause issue and therefore sees no reason to reach the merits of the ALJ's decision. For the reasons below, the court will vacate the ALJ's decision and remand the case for review before a different, constitutionally appointed ALJ.

In June 2018, the Supreme Court held that the Securities and Exchange Commission's ALJs constituted inferior officers under the Appointments Clause.

*See Lucia v. S.E.C.*, 138 S. Ct. 2044 (2018). Consequently, the SSA's then-Acting Commissioner, Nancy Berryhill, "ratified the appointment of [the SSA's] ALJs and AAJs and approved their appointments as her own in order to address any Appointments Clause questions involving SSA claims."[1] The ALJ in Daniell's case rendered her first decision in 2016, prior to this ratification. *Id.* at 25. The Appeals Council vacated the ALJ's first unfavorable decision and remanded the matter for further consideration, *see* R. 23, and Acting Commissioner Berryhill ratified the ALJ's then-unconstitutional appointment before the ALJ decided Daniell's claim anew in 2020. Importantly, it is the 2020 decision that Daniell now challenges.

Therein lies the crux of the issue: whether remand to a different ALJ is still required because the ALJ's initially unconstitutional appointment effectively tainted her ability to continue adjudicating the claim, as Daniell asserts. Doc. 14 at 26. *Lucia* endorses Daniell's view:

> This Court has also held that the 'appropriate' remedy for an adjudication tainted with an appointments violation is a new 'hearing before a properly appointed' official. And we add today one thing more. That official cannot be [the same ALJ], even if he has by now received (or receives sometime in the future) a constitutional appointment. [This ALJ] has already both heard Lucia's case and issued an initial decision on the merits. He cannot be expected to consider the matter as though he had not adjudicated it before. To cure the constitutional error, another ALJ (or the Commission itself) must hold the new hearing to which Lucia is entitled.

---

[1] *See Emergency Message EM-18003 REV 2*, SOCIAL SECURITY ADMINISTRATION, https://secure.ssa.gov/apps10/reference.nsf/links/08062018021025PM (last visited May 24, 2022).

2

*Lucia*, 138 S. Ct. at 2055 (citing *Ryder v. United States*, 515 U.S. 177, 183, 188 (1995)).  Applying *Lucia*, the Sixth Circuit has held that Social Security claimants "are entitled to the remedy that *Lucia* held was appropriate: a new hearing before ALJs other than the ALJs who conducted their original hearings."  *Ramsey v. Comm'r of Soc. Sec.*, 973 F.3d 537, 547 (6th Cir. 2020).

The SSA contends that even still, Daniell waived his Appointments Clause challenge by failing to raise it during his administrative proceedings or when he requested the Appeals Council's review in 2016.  Doc. 15 at 19.  But this ignores the Supreme Court's holding in *Carr v. Saul*, where the Court concluded that Social Security claimants are not required to exhaust Appointments Clause issues in administrative proceedings to preserve them for judicial review and that claimants "who raise those issues for the first time in federal court are not untimely in doing so."  141 S. Ct. 1352, 1362 (2021).  In fact, the Supreme Court "has often observed that agency adjudications are generally ill suited to address structural constitutional challenges, which usually fall outside the adjudicators' areas of technical expertise," making it appropriate for courts to entertain constitutional challenges to administrative proceedings "even when those challenges were not raised in administrative proceedings."  *Id.* at 1360–61.  This suggests that Daniell did not waive his Appointments Clause challenge despite failing to assert it during his prior administrative proceedings.

On this point, the court also finds persuasive *Welch v. Commissioner of Social Security*, where Magistrate Judge Elizabeth Preston Deavers of the Southern District of Ohio reasoned that "[t]he facts that [the] ALJ . . . was subsequently properly appointed, and that his 2017 decision was subsequently vacated, ha[d] no impact on this conclusion, because the damage had already been done when [the] ALJ . . . improperly considered and ruled on [the] [p]laintiff's claim." No. 2:20-cv-1795, 2021 WL 1884062, at *5 (S.D. Ohio May 11, 2021), *report and recommendation adopted*, 2021 WL 2142805 (S.D. Ohio May 26, 2021). In other words, in this case, although the then-Acting Commissioner ratified the ALJ's appointment between the first adjudication and the second, the "damage had already been done" when the ALJ resolved it in the first instance despite her unconstitutional appointment. *See id.*

Based on these authorities, Daniell's claim must be remanded for consideration by a different, properly appointed ALJ.[2]  A separate order follows.

**DONE** the 25th day of May, 2022.

                                                           _____
                                                          **ABDUL K. KALLON**
                                       UNITED STATES DISTRICT JUDGE

---

[2] In addition, though not dispositive, this outcome accords with the position the SSA has taken previously before this court.  *See* doc. 24 in *VanHorn v. Soc. Sec. Admin., Comm'r*, No. 7:19-cv-00528-AKK (N.D. Ala. July 22, 2021) (remanding the matter for a new hearing before a different ALJ following the SSA's request that, "consistent with *Carr*," the claimant "obtain a new hearing before a different, properly appointed ALJ").